NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
California Bar No. 222875
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-0142
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cv-08487 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | |
| FIVE CRATES OF COUNTERFEIT COINS, | 19 U.S.C. § 1595a(c)(1)(C) [C.B.P] |
| Defendants. | |

Plaintiff United States of America brings this claim against the defendants Five Crates of Counterfeit Coins, and alleges as follows:

**JURISDICTION AND VENUE**

1. The government brings this in rem forfeiture action pursuant to 19 U.S.C. § 1595a(c)(1)(C).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendants are Five Crates of Counterfeit Coins ("defendant coins"), seized on June 20, 2019 at the Port in Long Beach, California.

6. The defendant coins are currently in the custody of United States Customs and Border Protection in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Ronnie Shahar ("Shahar"), Zhang Yongjun ("Yongjun") and Bingli Lin ("Lin") may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. Plaintiff alleges that the defendant coins are subject to forfeiture pursuant to the following statutory provisions:

A. 19 U.S.C. § 1595a(c) provides that:

Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:
(1) The merchandise shall be seized and forfeited if it—
(C) is a contraband article, as defined in section 80302 of title 49;

B. 49 U.S.C. § 80302(a) defines "contraband" as:

(3) A forged, altered, or counterfeit –
(A) coin or an obligation or other security of the United States Government.

49 U.S.C. § 80302(b) A person may not—

(1) transport contraband in an aircraft, vehicle, or vessel;
(2) conceal or possess contraband on an aircraft, vehicle, or vessel; or
(3) use an aircraft, vehicle, or vessel to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of contraband.

///

2

9. The importation records for the defendant coins reflect that defendant coins were shipped in five cases by ocean vessel from Hong Kong to the Port in Long Beach and arrived on or about April 24, 2019. Yongjun and Lin were listed as the ultimate consignees.[1] Shahar was listed as the importer and shipper on CBP Form 3461, Entry/Immediate Delivery ("Entry Summary").[2] Shahar also provided a FinCEN Form 105 Report of International Transportation of Currency or Monetary Instrument ("FinCEN Form 105") claiming the shipment was $132,000 in U.S. coins.[3]

10. The U.S. Mint is the sole manufacturer of legal tender coinage for the United States and is responsible for producing and circulating coinage for the nation to conduct its trade and commerce.

11. The government tested a random sample of the defendant coins that are representative of the entire shipment, analyzing the coins using physical, chemical, and electromagnetic testing. The analysis shows that the coins are not authentic U.S. Mint products.

12. Based on the above, plaintiff alleges that the defendant coins are contraband and were attempted to be imported into the United States in violation of 49 U.S.C. § 80302(b). As a result, the defendant coins are subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(1)(C).

///

---

[1] On the Entry Summary, Lin is listed as the consignee with an address in McKinney, Texas. However, on the documents provided with the Entry Summary, namely, the Troy Container Line, Ltd. Arrival Notice and Invoice dated April 19, 2019 and the CP Lines Ocean Bill of Lading Non-Negotiable dated April 8, 2019, Yongjun is listed as the consignee. The address provided for Yongjun on the latter two documents is in Monterey Park, California.

[2] On the Entry Summary, Shahar's address is listed in Israel. On the Foshan Jin-Gold Recycling Limited Commercial Invoice provided with the Entry Summary, Shahar's address is listed at the same address as Yonghjun in Monterey Park, California.

[3] The FinCEN Form 105 listed an Israel address as Shahar's permanent address, a Hong Kong address for Shahar as where the monies were received from, and stated the coins were being shipped to "Ronnie Shahar Los Angeles C.A. Holiday Inn".

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant coins;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant coins to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: September 16, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Christopher Griffith, hereby declare that:

1. I am a United States Customs and Border Protection Officer ("CBPO") and the case agent for the forfeiture matter entitled <u>United States of America v. Five Crates of Counterfeit Coins</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2020 in Los Angeles, California.

_____
CHRISTOPHER GRIFFITH, CBPO